IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ROBERT TICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:24-44 |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| HARRY E. WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, the Motions to Dismiss (Doc. 41, 57, 60, 73, 88, 98) filed by Defendants Mission Broad-Casting, Nexstar-Media Group, Inc., Barbera Percy, Nancie J. Smith, WFXP-FOX 66/WJET TV, Julie Zoumbaris ("Media Defendants"); The Juvenile Probation Department, Fred P. Anthony, John A. Bozza, Dominick D. Dipaolo, Stephanie Domitrovich, Paul Manzi, Peter Nakoski, Brenda Nichols ("Judicial Defendants"); Pennsylvania State Police, the Megan's Law Section, the Commonwealth of Pennsylvania, the Department of Human Services of Pennsylvania, the Department of Corrections, and the Pennsylvania Board of Probation and Parole ("Commonwealth Defendants"); Anthony Logue, Esquire ("Defendant Logue"); Department of Children and Youth CYS, Robert Blakely, District Attorney Kathleen Ann Scibetta, Jim K. Vogel and Erie County Prison ("Erie County Defendants"); and Millcreek Township Police Department ("Millcreek Township Defendant"), will be granted.  Additionally, all remaining claims against Defendants Harry E. Wilson, Department of BJJS, Department of DPW, Wayne Joseph Alexander, Diane Dombrowski, Erie Police Department, Pam-Marsh Hermitage House, Harborcreek Youth Services, Brad H. Foulk, STS Specialized Treatment Services, New Castle Maximum Security Juvenile Prison [YDC], Social Security

Administration, United States Attorney for the Western District of Pennsylvania, Edmund L. Thomas Detention Center and attorney Charles Sunwabe, will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Finally, *pro se* Plaintiff James Robert Tice's Motions at Docs. 6, 7, 8, 9, 12, 13, 27, 28, 29, 55, 56, 78, 107, 111, 112, 114 and 117 will be denied.

The Court first will address the motions to dismiss followed by the remaining motions.

A.       **Mr. Tice's Complaint Fails to Comply with Rule 8**.

As an initial matter, Mr. Tice's Complaint is subject to dismissal for failure to comply with the strictures of Rule 8.  As numerous courts within this Circuit have recognized:

> It is well settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)," Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007).  Thus, when a complaint is "illegible or incomprehensible[,]" id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible[,]" Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate.

Holmes v. Wagner, No. 2:22-CV-490, 2023 WL 4881927, at *5 (M.D. Pa. Apr. 24, 2023) (and cases cited therein), report and recommendation adopted, No. 2:22-CV-00490, 2023 WL 4866103 (W.D. Pa. July 31, 2023).  "Dismissal under Rule 8 is also proper when a complaint leaves the defendants having to guess what of the many things discussed constituted a cause of action, or when the complaint is so rambling and unclear as to defy response." Id. (internal citations omitted).  Although *pro se* plaintiffs are afforded some leniency, they are not exempt from complying with the basic pleading requirements.  See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013); Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010).

Here, it is self-evident that Plaintiff's rambling and unwieldy 600+-page, 43-defendant Complaint is the antithesis of a "short and plain statement" and is a prime example of the type of

"confused, ambiguous, vague, or otherwise unintelligible" pleading eschewed by Rule 8.  *See* Doc. 3; Doc. 42 at 8-11.  For this reason, dismissal of Plaintiff's Complaint against all Defendants is warranted.  Additionally, as set forth below, Plaintiff's claims, to the extent discernable, fail substantively, cannot be cured by amendment, and must be dismissed with prejudice.

**B. Dismissal of the Complaint is Warranted Because Any Applicable Statutes of Limitations Have Expired**.

Plaintiff's Complaint must be dismissed for failure to comply with the applicable statutes of limitations with respect to any of the claims discernable in the Complaint, including, defamation, invasion of privacy, negligence, trespass, Section 1983, RICO and/or breach of fiduciary duty.  "Courts may grant a Rule 12(b)(6) motion based on a statute-of-limitations defense when the untimeliness of the plaintiff's claim(s) is apparent on the face of the complaint."  Rogalski v. Laureate Educ., Inc., No. 22-3004, 2023 WL 2882702, at *3 (3d Cir. Apr. 11, 2023); *see also* Schmidt v. Skolas, 770 F.3d 241, 252 (3d Cir. 2014) (noting a plaintiff may "effectively [plead himself] out of court" by alleging facts sufficient to establish a statute of limitations defense).  As detailed in the parties' briefing and well-established caselaw, the applicable statutes of limitation in Pennsylvania are as follows: defamation and invasion of privacy (one year); Section 1983, negligence, trespass and breach of fiduciary duty (two years); and RICO (four years).  *See, e.g.,* Doc. 42 at 5-8 and cases cited therein.

.Although, as discussed above, Plaintiff's 600+-page Complaint is the antithesis of a short and plain statement of the case, it is evident from his pleading that Plaintiff knew, or should have known, of his claims against all Defendants no later than 2008, when the Court of Appeals affirmed Judge McLaughlin's ruling on his habeas petition.  Indeed, many of his claims turn on events that occurred in the mid-1990s when he was a juvenile.  Even if Plaintiff's minority tolled

3

the limitations period, he turned 18 in the late-1990s. Plaintiff did not file the instant lawsuit, however, until 2024 – over a decade after his habeas case was affirmed and more than twenty years after many of the factual allegations underlying his claims.

In his briefing (*e.g.,* Docs. 13, 51, 52), Plaintiff does not deny this timeline. Rather, he contends that the statutes of limitations should be tolled. Plaintiff's arguments urging the tolling of all statutes of limitations are without merit. *See, e.g.*, Makozy v. Dietz, No. 20-3050, 2022 WL 17335815, at *1 (3d Cir. Nov. 30, 2022) ("Mistake, misunderstanding, or lack of knowledge will not toll the running of the statute."); id. at *2 ("Pennsylvania law is clear that a plaintiff's imprisonment does not toll a statute of limitations."); Kreider v. Philhaven Adolescent Inpatient Treatment Ctr., No. CIV.A. 13-7242, 2014 WL 1395061, at *2 (E.D. Pa. Apr. 9, 2014) ("Lack of knowledge or appreciation of the legal implications of the claim does not toll the statute."), aff'd, 592 F. App'x 59 (3d Cir. 2014); id. ("[I]t is well-established, under Pennsylvania law, that . . . mental incompetency . . . does not toll the running of the statute of limitations."); Messina v. Bonner, 813 F. Supp. 346, 349 (E.D. Pa. 1993) (rejecting argument that "the statute should not start running until plaintiffs make the full 'connection' between the defendants' wrongdoing and all aspects of the plaintiffs' mental suffering"); Wolk v. Olson, 730 F. Supp. 2d 376, 378 (E.D. Pa. 2010) ("If a plaintiff may bring a person into court after a limitations period has expired simply by invoking the discovery rule, and if a court is bound from dismissing the claim no matter how public or ancient the injury may be, then the discovery rule will have nullified the stability and security that the statute of limitations aims to protect.").

Because any and all applicable statutes of limitations expired well over a decade ago, and no material tolling doctrines even arguably apply, Plaintiff's Complaint on its face fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's claims are unequivocally time-

barred, and they must be dismissed with prejudice.

For the sake of completeness, and given the length and breadth of Plaintiff's Complaint, as well as his *pro se* status, the Court will discuss below additional pertinent arguments raised by the Moving Defendants.

**C.     The Media Defendants**

**1. Mr. Tice Fails to State a Section 1983 Claim Against the Media Defendants Pursuant to Rule 12(b)(6)**.

Plaintiff's claims against the Media Defendants appear to arise from television news footage of Plaintiff as a juvenile in connection with a building fire and the Media Defendants' subsequent failure to turn a copy of the footage over to Plaintiff.  In addition to his untimely state-law claims for defamation, invasion of privacy, breach of fiduciary duty and negligence, Mr. Tice fails to plead sufficient facts to a support a claim pursuant to 42 U.S.C. § 1983 against the Media Defendants.  Specifically, nowhere in the 600+-paragraphs of his Complaint does Mr. Tice demonstrate that the Media Defendants are state actors, acting under the color of state law or that Mr. Tice is an intended beneficiary of any federal assistance received by the Media Defendants.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, nothing in the Complaint sets forth a basis for concluding that Mission Broad-Casting, Nexstar-Media Group, Inc., WFXP-FOX 66/WJET TV or any of their employees could be considered state actors subject to liability under Section 1983.  To the extent Plaintiff equates WFXP's status as a "licensed broadcaster" with state action, such comparison is inapt. *See, e.g.*, Egli v. Chester Cty. Library Sys., 394 F. Supp. 3d 497, 505 (E.D. Pa. 2019) (citing cases and

explaining that "[t]he Third Circuit has explicitly held over the last two decades that private entities do not transform into state actors under § 1983 simply because they may receive extensive government regulation and funding"); *see also* Manhattan Cmty. Access Corp. v. Halleck, 139 S. Ct. 1921, 1931-32 (2019) ("[T]he fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor – unless the private entity is performing a traditional, exclusive public function. The same principle applies if the government funds or subsidizes a private entity.").

As such, Plaintiff's Section 1983 claims against the Media Defendants are ripe for dismissal for this reason as well.[1]

**D. The Judicial Defendants**

**1. Dismissal of the Complaint Against the Judicial Defendants is Warranted Because They Are Immune from Suit**

To the extent intelligible, Plaintiff's claims against the Judicial Defendants appear to arise from his dissatisfaction with the outcome of criminal prosecutions against him in the 1990s, after he turned 18, including convictions related to sexual abuse of his niece.  With the

---

[1] To the extent Plaintiff attempts to assert claims against any or all of the Media Defendants for "Breach of Media Ethics" and/or "Media Responsibility," *see* Doc. 3-3, these claims are not recognized causes of action under state or federal law and must be dismissed.  Plaintiff's negligence claim also fails to the extent he bases that claim on current WFXP management's continuing failure to turn over the 1994 broadcast tapes or other evidence pursuant to a request under Pennsylvania's Right-to-Know Law ("RTKL").  *See* Doc. 53 at 3.  Pennsylvania's RTKL provides for public access to *state government information*. 65 Pa. Stat. Ann. § 67.101, *et seq.* As such, the RTKL "only binds '[c]ommonwealth agencies, local agencies, legislative agencies, and judicial agencies,' and so has no legal force against private citizens." McGee v. Twp. of Conyngham, No. 20-3229, 2021 WL 4315936, at *3-4 and nn. 1, 4 (3d Cir. Sept. 23, 2021) (quoting Bowling v. Off. of Open Recs., 75 A.3d 453, 457 (Pa. 2013)).  Moreover, and, in any event, the state courts provide the exclusive forum for litigating RTKL cases.  *See* McCullough v. Cnty. of Allegheny Pa., No. cv 16-534, 2016 WL 7116640, at *2 (W.D. Pa. Dec. 7, 2016); *see also* id. (state RTKL violations do not amount to constitutional violations under Section 1983).

exception of the one conviction for which he obtained habeas relief in this Court in 2006, multiple state courts and the United States courts have upheld the convictions at issue. Nevertheless, Plaintiff continues to insist that he was wrongfully tried and convicted as to each charge.[2]  He also insists that he was unfairly treated as a juvenile and improperly prosecuted as an adult.

Under the doctrine of sovereign immunity, however, none of the relief Plaintiff seeks is available against the Judicial Defendants.  See Doc. 59 at 20 (Judicial Def's Br. and cases cited therein).  As arms of the state,[3] the Judicial Defendants are entitled to the protection from suit in federal court afforded by the Eleventh Amendment.  See 1 Pa. Cons. Stat. Ann. § 2310 ("[T]he Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3rd Cir. 1981) (Pennsylvania has not waived its Eleventh

---

[2] In 2006, Judge McLaughlin granted, in part, Plaintiff's petition for habeas corpus relating to one of Plaintiff's convictions due to ineffectiveness of counsel for failing to obtain exculpatory documents.  See Tice v. Wilson, 425 F. Supp. 2d 676 (W.D. Pa. 2006), aff'd, 276 F. App'x 125 (3d Cir. 2008).  The Court of Appeals affirmed the district court's denial of the remainder of Plaintiff's habeas petition relating to his remaining convictions.  See Tice v. Wilson, 276 F. App'x 125 (3d Cir.), cert. denied, 555 U.S. 948 (2008).  Contemporaneous with the instant filing, Plaintiff filed a pro se petition entitled "Great Writ Habeas Corpus ad Subjiciendum Coram Nobis & Coram Vobis and Vacatur, Writ of Error, Petition Under All Writs Act" that is now pending before District Judge Baxter, who was the Magistrate Judge assigned to his prior habeas case before Judge McLaughlin.  See Tice v. Wilson, 1:24-CV-46, 2024 WL 1550331, at *1 (W.D. Pa. 2024).

[3] As set forth above, however, the Judicial Defendants include seven Pennsylvania judges and the "Juvenile Probation Department."  The judges are officers of the Common Pleas or the Magisterial District Courts, which are entities of the Unified Judicial System of Pennsylvania.  See 42 Pa. Cons. Stat. Ann. § 301(4).  Pennsylvania's judicial districts, including their probation departments, are considered arms of the State.  See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008); Perez v. Borough of Berwick, 507 F. App'x 186, 190 (3d Cir. 2012).

Amendment immunity.); 42 Pa. Cons. Stat. Ann. § 8521.  When, as here, a claim against a judge arises from their judicial functions, the doctrine of judicial immunity applies even where the judge commits grave procedural errors, acts in an informal or *ex parte* manner, convicts a defendant of a nonexistent crime, acts with malice or bias or participates in a corrupt conspiracy.  *See* Doc. 59 at 18 n.4 and cases cited therein.

For these reasons, the Judicial Defendants are entitled to immunity from suit, and Plaintiff's claims against them must be dismissed.

### 2. Mr. Tice's Claims Must Be Dismissed to the Extent He Seeks Review of Any Underlying State Court Judgments

To the extent Plaintiff asks this Court to review his intact state court convictions, including the conviction that remains unchanged after Judge McLaughlin's habeas ruling, his claims must fail under the well-established Rooker-Feldman doctrine.  Under this doctrine, federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  The Rooker-Feldman doctrine applies to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." Malhan v. Sec'y United States Dep't of State, 938 F.3d 453, 458 (3d Cir. 2019) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Plaintiff's Section 1983 claims for money damages likewise are barred by the Heck v. Humphrey doctrine, to the extent he is questioning a judicial decision in a case that has not terminated in his favor.  *See* Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that actions seeking to invalidate or calling into question a conviction or sentence are

impermissible under Section 1983 unless the criminal case ended in the plaintiff's favor).[4]  The appropriate federal procedural vehicle for such claims is a petition for writ of habeas corpus.[5]

E.  **The Commonwealth Defendants**

  1. **Dismissal of the Complaint Against the Commonwealth Defendants is Warranted Because They Are Immune from Suit.**

The Commonwealth Defendants – the Pennsylvania State Police, the Megan's Law Section, the Commonwealth of Pennsylvania, the Department of Human Services of Pennsylvania, the Department of Corrections and the Pennsylvania Board of Probation and Parole – all either constitute the Commonwealth itself or a Commonwealth agency and, therefore, for the reasons set forth in Section I.D.1, *supra*, are immune from suit in federal court under the Eleventh Amendment.  See also Lusick v. Philadelphia, 549 F. App'x 56, 58 n.2 (3d Cir. 2013).

Because Plaintiff's suit against the Commonwealth Defendants is barred by the Eleventh Amendment, his Complaint against them must be dismissed with prejudice.[6]

---

[4] Plaintiff's contention that such claims may proceed under the Ex Parte Young doctrine is without merit.  See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, (1993) (noting that the Ex Parte Young doctrine is narrow and "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, . . . and has no application in suits against the States and their agencies, which are barred regardless of the relief sought"); Merritts v. Richards, 62 F.4th 764, 772 (3d Cir. 2023) (declining to apply Ex Parte Young to claims for reparative injunctive relief).

[5] In so finding, the Court takes no position on the merits of Plaintiff's habeas proceeding pending before Judge Baxter at Civil Action 1:24-cv-46.

[6] Plaintiff's Section 1983 claims against the Commonwealth Defendants fail for the additional reason that the state or its agencies are not "persons" within the meaning of Section 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

F.     **Erie County Defendants**[7]

1. **Dismissal of the Complaint Against Attorney Defendants Scibetta and Vogel is Warranted Because They Are Immune from Suit**

It is well-established that prosecutors acting in their official prosecutorial capacity are immune from suit under Section 1983. This absolute immunity extends to all actions taken in one's prosecutorial capacity, including securing information necessary to the decision to initiate a criminal proceeding, initiation of criminal proceedings, presenting the state's case and failure to disclose exculpatory information prior to trial. *See* Yarris v. County of Del., 465 F.3d 129, 135-37 (3d Cir. 2006) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). The doctrine of prosecutorial immunity permits a prosecutor to work without being constrained by the consequences of potential liability in a suit for damages. Id. at 135.

Thus, to the extent Plaintiff's Complaint can be read to assert claims against attorneys Scibetta and Vogel related to his criminal prosecutions, those claims must be dismissed pursuant to the doctrine of prosecutorial immunity.

2. **The Complaint Against the Erie Defendants Must Be Dismissed to the Extent Mr. Tice Seeks Review of Any Underlying State Court Judgments**

For the same reasons set forth in Section I.D.2, *supra*, the Rooker-Feldman doctrine precludes Plaintiff's claims against the Erie Defendants to the extent he asks this Court to review

---

[7] In addition to the Erie County Defendants enumerated herein, Plaintiff named former Erie County District Attorney Bradley H. Foulk as a Defendant in this matter. *See* Doc. 3. It is a matter of public record, however, that Mr. Foulk passed away in 2019. *See* https://www.pdaa.org/pdaa-statement-on-the-death-of-pdaa-president-and-erie-county-district-attorney-brad-foulk/. Thus, Mr. Foulk cannot be served with the Complaint in this case, and is terminated as a party. Furthermore, Defendants Erie County Prison and Erie County Bureau of Children and Youth are not "persons" capable of being sued under Section 1983, and, therefore, are dismissed from this action with prejudice for this reason as well. *See* Beaver v. Union County, Pa., 619 F. App'x 80, 83 (3d Cir. 2015).

his intact state court convictions, including the conviction at state Docket Number 3207-1998.[8]

### G. The Millcreek Township Defendant[9]

#### 1. Mr. Tice's Claims Against the Millcreek Township Defendant Must Be Dismissed to the Extent He Seeks Damages for His Underlying State Court Conviction

The only facts asserted against the Millcreek Township Defendant in Plaintiff's Complaint concern events that occurred in 1998 when the Millcreek Police Department charged Plaintiff with certain criminal burglary offenses at Erie County Docket Number 2743 of 1998. *See* Doc. 3-3 at 297-304; Doc. 100. Public records indicate that Plaintiff did not appeal his 1999 conviction on the Millcreek Township charges, which differ entirely from the convictions at issue in Plaintiff's habeas proceedings before Judges McLaughlin and Baxter. For the same reasons set forth in Section I.D.2, *supra*, Heck v. Humphrey precludes Plaintiff's claims against the Millcreek Township Defendant to the extent he seeks Section 1983 damages arising from his intact 1999 state court conviction at Erie County Docket Number 2743 of 1998.

### H. Defendant Logue

#### 1. Mr. Tice's Civil Rights Claims Against Defendant Logue Must Be Dismissed Because Defendant Logue is Not a State Actor Under Section 1983.

Plaintiff's claims against Defendant Logue, to the extent intelligible, arise out of his alleged ineffective representation of Plaintiff in three criminal cases through the Erie County

---

[8] Because Plaintiff's claims against Erie County are time-barred and otherwise subject to dismissal to the extent set forth above, the Court does not need to address in detail Defendants' arguments concerning the sufficiency of Plaintiff's purported Monell claim. Erie County correctly notes, however, that it cannot be held liable under Section 1983 for the acts of its employees pursuant to a vicarious liability or *respondeat superior* theory. Rather, the Complaint must identify a municipal policy or custom that caused Plaintiff's injury. *See* Doc. 89 at 9-10 and cases cited therein.

[9] Plaintiff names "Millcreek Township Police Department" in his Complaint. Counsel for this Defendant asserts that the correct entity is "Millcreek Township Supervisors." Doc. 100 at 1.

11

Public Defender's Office in 1998 and 1999. *See* Doc. 3-3 at 311-318; Doc. 74. The three criminal actions include the burglary action at Erie County Docket Number 2743 of 1998 as well as the sexual assault cases at Docket Numbers 3206 and 3207 of 1998, discussed elsewhere herein. *See* id. Again, public records indicate that Plaintiff did not appeal his 1999 conviction on the burglary charges, and the sexual assault convictions were the subject of Plaintiff's 2006 habeas proceedings before Judge McLaughlin, which the Court of Appeals affirmed in 2008. *See* Doc. 100 at 2. In addition to being time-barred, Plaintiff's Section 1983 claims against Defendant Logue fail because county public defenders are not "state actors" capable of being sued within the meaning of Section 1983. *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981); Williams v. Dark., 844 F. Supp. 210, 213 (E.D. Pa. 1993), aff'd, 19 F.3d 645 (3d Cir. 1994). Thus, the Complaint must be dismissed against Defendant Logue for this reason as well.

2. **Mr. Tice's Claims Against Defendant Logue Must Be Dismissed to the Extent He Seeks Review of His Underlying State Court Convictions.**

For the same reasons set forth in Section I.D.2, *supra*, the Rooker-Feldman doctrine precludes Plaintiff's claims against Defendant Logue to the extent he asks this Court to review his intact state court convictions, including the convictions at Erie Docket Numbers 2743 and 3207 of 1998.

I. **The Complaint Against All Remaining Defendants Must Be Dismissed Under Section 1915(e).**

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike.") (citations omitted). Among other things, the screening provisions require a court to dismiss an action that is frivolous or malicious or fails

to state a claim on which relief may be granted.  El-Bey v. U.S., 619 F. App'x 53, 54 (3d Cir. Oct. 13, 2015).  In this case, to the extent they are intelligible, the sum total of Plaintiff's substantive allegations against any remaining Defendants[10] suffer many of the same, if not all, defects as the claims against the Moving Defendants discussed above.  In addition to Plaintiff's global failure to comply with Rule 8, Plaintiff's claims against the remaining Defendants, to the extent discernable, accrued no later than 2010 when the Court of Appeals affirmed Judge McLaughlin's habeas opinion, and, thus, are time-barred under any conceivably applicable statute of limitations.[11]

**J. Mr. Tice's Various Miscellaneous Motions (Docs. 6, 7, 8, 9, 12, 13, 27, 28, 29, 55, 56, 78, 107, 111, 112, 114 and 117)**

Mr. Tice has filed a litany of miscellaneous motions, each of which will be discussed in

---

[10] The remaining Defendants include: Harry E. Wilson, Department of BJJS, Department of DPW, Wayne Joseph Alexander, Diane Dombrowski, Erie Police Department, Pam-Marsh Hermitage House, Harborcreek Youth Services, STS Specialized Treatment Services, New Castle Maximum Security Juvenile Prison [YDC], Social Security Administration, United States Attorney for the Western District of Pennsylvania, Edmund L. Thomas Detention Center and attorney Charles Sunwabe.  See Doc. 3.

[11] Indeed, Plaintiff's allegations against many of these Defendants, including Department of BJJS, Department of DPW, Wayne Joseph Alexander, Diane Dombrowski, Pam-Marsh Hermitage House, Harborcreek Youth Services, STS Specialized Treatment Services, New Castle Maximum Security Juvenile Prison [YDC] and Edmund L. Thomas Detention Center pertain to events that occurred in the 1990s during Plaintiff's time in the juvenile detention and/or foster care system.  See Doc. 3-3.  To the extent Plaintiff's claims for wrongful denial of benefits and discrimination against the Social Security Administration ("SSA") arise from events post-2010, which is far from clear, those claims nevertheless must be dismissed for failure to state a claim.  See 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); Glenn v. Soc. Sec. Admin., 110 F. Supp. 3d 541, 543 (D.N.J. 2015) (dismissing pro se Plaintiff's claims and noting that claims against the SSA relating to a denial of benefits are limited to the procedures set forth in Section 405(g)); Mahoney v. Soc. Sec. Admin., No. CV 21-10992-MPK, 2021 WL 12143298, at *5 (D. Mass. Sept. 24, 2021), report and recommendation adopted sub nom. Mahoney v. Kijakazi, No. CV 21-10992-ADB, 2021 WL 12143299 (D. Mass. Oct. 26, 2021) (same).

turn.

Mr. Tice's Motion to Appoint Federal Counsel (Doc. 6) is denied. As an initial matter, Plaintiff's Motion appears to be directed to his habeas petition pending before Judge Baxter at 1:24-cv-46. The undersigned expresses no opinion on the merits of Plaintiff's motion as it relates to that case, and Plaintiff must make all requests in that case on the appropriate docket. Regarding this case, Plaintiff has not demonstrated any special circumstances which would necessitate the appointment of counsel at this time. *See* Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). In addition to the fact that his claims lack merit, Plaintiff has not shown an inability to present his own case, that any legal issues presented will be difficult or that he is unable to conduct a factual investigation and present the results thereof. Indeed, Plaintiff has shown himself quite capable of drafting, filing, serving and responding to scores of documents in this case. Additionally, pursuant to Local Rule 10(C), "[a]bsent special circumstances, no motions for appointment of counsel will be granted until after dispositive motions have been resolved."

Mr. Tice's "Motion for Federal Judge Baxter to Preside Over Petitioners Ad Subjiciendum/Coram Nobis/Vobis/Vacatur/Writ of Error, and Civil Suit/Rico Act by Operation of Law and Special Request" (Doc. 7) is denied. This "Motion" is more akin to correspondence to Judge Baxter, and this Court does not accept correspondence from litigants. To the extent Plaintiff's Motion asks Judge Baxter to hear his habeas/coram nobis petition, it is moot because that action already is pending before her at Docket No. 1:24-cv-46. The instant civil rights action is not "related" to Plaintiff's habeas proceedings in the official sense of the term, and will not be transferred to Judge Baxter. Plaintiff is not entitled to an individual judge of his choosing.

Mr. Tice's Motion for Relief Pursuant to Rule 60(B)(1) of the Federal Rules of Civil Procedure (Doc. 8) is denied. There is no prior judgment in this case from which to seek Rule 60

relief. To the extent Mr. Tice intended this motion to apply to his prior habeas proceedings, he must file an appropriate motion in that case. The Court expresses no opinion on the merits of such a motion.

Mr. Tice's Motions for Discovery (Docs. 9, 28) are denied. It is well-established that discovery cannot be used to fix shortcomings in one's complaint and that pre-12(b)(6) requests for discovery are premature. See Gibbs v. City of Pittsburgh, No. CV 18-1563, 2019 WL 13096722, at *1 (W.D. Pa. Sept. 5, 2019) (citing cases and emphasizing that "a plaintiff who fails to meet the pleading requirements of Rule 8 is not entitled to conduct discovery with the hope that it might permit [him] to state a claim").

Mr. Tice's Motion for Service by U.S. Marshal (Doc. 12) is denied. As an initial matter, Plaintiff's Motion is moot to the extent many of the defendants already have been served with the Complaint, entered their appearance and responded to the Complaint by filing Rule 12 motions as described herein. Service will not be ordered with respect to the remaining defendants because Plaintiff's claims against them do not survive Section 1915(e) screening as explained above. Plaintiff's renewed request for counsel is denied for the reasons set forth above regarding Doc. 6.

Mr. Tice's Motion to Toll Statute of Limitations in Civil Lawsuit (Doc. 13) is denied. As set forth more fully above, Plaintiff has not established any legitimate basis for tolling the long-expired statutes of limitations in this case.

Mr. Tice's Motion for Accommodations Based on Disability and Appointment of Highly Qualified Defense Counsel (Doc. 27) is denied. Without ruling on whether Plaintiff is disabled and/or entitled to accommodations, the Court notes that it has accepted all of his filings to date. Moreover, no in-court or in-chambers proceedings are scheduled in this case for which the

requested accommodations may be needed. To the extent Plaintiff seeks an exemption from complying with the applicable statutes of limitations due to a disability, such request is denied for the reasons set forth in Section I.B, *supra*. Plaintiff's request for counsel is denied for the reasons previously stated herein.

Mr. Tice's Motion to Suppress Evidence (Doc. 29) is denied. This is not a criminal proceeding, and, thus the Fourth Amendment suppression doctrine is inapposite. To the extent Plaintiff's motion is properly construed as a Motion in Limine, it is both premature and moot.

Mr. Tice's Motion to Disqualify Counsel (Doc. 55) seeking to disqualify the AOPC attorney from representing the Commonwealth Defendants due to conflict of interest is without merit on its face and is denied. The AOPC's official responsibilities include providing legal services and, when appropriate, legal representation to system personnel. *See* 201 Pa. Code. R. 505(15).

Mr. Tice's Motion for Definite Statement Pursuant to Rule 12(e) (Doc. 56), seeking a "more definite statement" from the Media Defendants explaining their defenses to Plaintiff's claims is denied. Rule 12(e) applies to pleadings to which responsive pleadings are allowed. It does not provide a vehicle for plaintiffs to seek a "more definite" motion to dismiss from a defendant.

Mr. Tice's Motion to Make New Castle Maximum Security a "Multi-State Wide Class Action" Under Rule 23(a) (Doc. 78) is denied. In addition to the numerous deficiencies plaguing Plaintiff's individual claims in this regard, rendering them subject to dismissal as set forth above, it is well-established that "pro se plaintiffs are not favored as representative parties in a class action as they generally cannot represent and protect the interests of the class fairly and

adequately." Humphries v. Rendell, No. CIV.A. 09-1211, 2010 WL 744559, at *2 (W.D. Pa. Mar. 2, 2010).

Mr. Tice's Motion to Compel Disclosure of Reason for Attorney Withdrawal (Doc. 107) is denied. Mr. Tice is not owed an explanation, and the Judicial Defendants continue to be represented by the AOPC.

Mr. Tice's "Motion to Supplement the Record with New Evidence Pursuant to Rules of Civil Procedure 15(a) and 15(d)" (Doc. 111), is denied. Although leave to amend should be liberally granted, particularly in *pro se* civil rights suits, such right is not absolute, and the Court may deny leave to amend based on considerations such as prejudice, undue delay and futility. *See* In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Here, Plaintiff's proposed amendments and supplementary "evidence" do not cure the bases for dismissal of his original Complaint, including, as applicable, statute of limitations violations; principles of judicial, sovereign and prosecutorial immunity; lack of state action; and conflation of issues related to his habeas proceedings. The proposed filing also fails to remedy the Complaint's Rule 8 deficiencies; rather, it only adds to the Complaint's rambling nature. Because Plaintiff's Complaint, even if supplemented, would fail to state a claim upon which relief could be granted, his request to "supplement the record" is denied. *See, e.g.,* Hollis-Arrington v. PHH Mortg. Corp., 205 F. App'x 48, 55 (3d Cir. 2006).

Plaintiff makes three additional misplaced attempts to add to his Complaint in this action. First, at Docket Number 112, Plaintiff has filed a "Petition to Reopen" the estates of his deceased grandparents, in which he seeks to challenge the administration of their estates and recover damages for various state-law and constitutional violations. Second, at Docket Number 114, Plaintiff moves for "recognition of ancestral sovereignty, religious law violations and restoration

of rights" and asserts "his fundamental rights have been infringed due to wrongful convictions, stolen child and illegal detainment." The Motion asks the Court to "acknowledge his royal heritage, restore his freedoms and rectify these violations in accordance with both domestic and international legal standards." *See* Doc. 114. Finally, at Docket Number 117, Plaintiff seeks to add an additional three defendants – the United States Department of Defense, Marine Corps and Navy – to assert claims based on their alleged denial of Plaintiff's enlistment in the Navy and Marines. None of these three motions proposes an actionable theory of recovery and each must be denied. In short, Plaintiff's attempts to inject unrelated, meritless and borderline frivolous defendants and theories to his already unwieldy and voluminous Complaint violates the spirit of the federal rules, including Rules 8, 12, 15 and 20. Because his proposed amendments would not survive Section 1915(e) screening or a 12(b)(6) motion to dismiss, they are futile, and will be denied.

## II. ORDER

Consistent with the foregoing, the Motions to Dismiss (Doc. 41, 57, 60, 73, 88 and 98) filed by Defendants Mission Broad-Casting, Nexstar-Media Group, Inc., Barbera Percy, Nancie J. Smith, WFXP-Fox 66/WJET TV, Julie Zoumbaris ("Media Defendants"); The Juvenile Probation Department, Fred P. Anthony, John A. Bozza, Dominick D. Dipaolo, Stephanie Domitrovich, Paul Manzi, Peter Nakoski, Brenda Nichols ("Judicial Defendants"); Pennsylvania State Police, the Megan's Law Section, the Commonwealth of Pennsylvania, the Department of Human Services of Pennsylvania, the Department of Corrections, and the Pennsylvania Board of Probation and Parole ("Commonwealth Defendants"); Anthony Logue, Esquire ("Defendant Logue"); Department of Children and Youth CYS, Robert Blakely, District Attorney Kathleen Ann Scibetta, Jim K. Vogel and Erie County Prison ("Erie County Defendants"); and Millcreek

Township Police Department ("Millcreek Township Defendant"), respectively, will be **GRANTED** and Plaintiff's Complaint against these Defendants is **DISMISSED WITH PREJUDICE**.  All remaining claims against Defendants Harry E. Wilson, Department of BJJS, Department of DPW, Wayne Joseph Alexander, Diane Dombrowski, Erie Police Department, Pam-Marsh Hermitage House, Brad H. Foulk, Harborcreek Youth Services, STS Specialized Treatment Services, New Castle Maximum Security Juvenile Prison [YDC], Social Security Administration, United States Attorney for the Western District of Pennsylvania, Edmund L. Thomas Detention Center and attorney Charles Sunwabe, are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is **FURTHER ORDERED** that Plaintiff's Motions at Docs. 6, 7, 8, 9, 12, 13, 27, 28, 29, 55, 56, 78, 107, 111, 112, 114 and 117 are **DENIED** as more fully stated in the Memorandum Opinion**.**  This case shall be marked **CLOSED**.

IT IS SO ORDERED.

September 27, 2024                                                s/Cathy Bissoon
                                                                              Cathy Bissoon
cc (via First-Class U.S. Mail):                            United States District Judge

James Robert Tice
136 East South Street
Corry, PA 16407

cc (via ECF email notification):

All Counsel of Record